STATE, EX REL. CHRISTOPHER FITZGERALD, v. FRANK EVANS.

1. The mere fact that the defendant in a suit has submitted to the plaintiff an offer of settlement will not justify the defendant in assuming that litigation is to be suspended until the offer be rejected or accepted.
2. If, on such assumption, a defendant fails to appear and move in the Common Pleas an appeal which he has taken from a justice's court, and therefore the Common Pleas dismisses the appeal, a *mandamus* will not be awarded for its re-instatement.

On application for *mandamus* to compel Camden Pleas to re-instate an appeal.

Argued at February Term, 1883, before Justices DIXON and MAGIE.

For the relator, *H. A. Drake.*

*Contra, T. E. French.*

The opinion of the court was delivered by .

DIXON, J.   The relator seeks a *mandamus* to compel the Common Pleas of Camden county to re-instate his appeal from a justice's court.

The facts seem to be that the appeal was on the list of the last January Term of the Pleas; that on the first day of the term, January 9th, the list was called and was then set down for peremptory call on January 22d; that on the day last mentioned, the appellant (the relator) and his attorney being absent, the appeal was dismissed; that on January 18th or 19th, the appellant's attorney left with the partner of the respondent's attorney an offer of settlement, which the partner promised to submit to the respondent's attorney; that the appellant's attorney did not attend court on the first day of the term, and although he knew the appeal list was to be called on January 22d, did not know that such call was to be peremptory; that on January 29th, he obtained from the Common Pleas a rule to show cause why the appeal should not be restored; and on return of the rule the court, having before it an affidavit of the foregoing facts made by the appellant's attorney, discharged the rule.

In order to entitle a party to a *mandamus*, he must appear to have a clear legal right to that which he asks to have enjoined.

In the present case, the only matter laid before us of those things which were before the Common Pleas when they dismissed the appeal and when they refused to restore it, is the affidavit above mentioned.   From that it cannot be ascertained upon what ground the court below acted, nor whether its action was legal or not.   It must therefore be presumed that

Pavonia Horse Railroad Co. v. Jersey City.

what it did was right, the contrary not appearing. This is sufficient to prevent the allowance of a *mandamus*.

But if we assume it to be true, as it was stated upon the argument, that the Common Pleas dismissed the appeal for want of prosecution, and refused to re-instate it because the affidavit did not relieve the appellant from the charge of laches, we think the action of the court below was legal.

The appeal being regularly on the list, the appellant was bound to keep himself informed of the time fixed for trial according to the rules of the court. Then the mere fact that he had submitted a proposition for settlement did not warrant him in regarding the cause as adjourned until his proposition was rejected or accepted. It is not as if the respondent or his attorney had said something which justified an inference that litigation should remain in suspense while negotiations were pending, for here they had said nothing. The appellant's attorney had had no communication with either of them. He had spoken only to the partner of the respondent's attorney, whom he knew to be declining to act at all in the matter. It was therefore his duty to attend in readiness for trial at the time designated, and his failure so to do was laches which made legal the dismissal of his appeal. In cases like this, where the amount in dispute was but small, the courts should hold parties to promptitude, for delays are often denials of justice.

The rule must be discharged, with costs.